# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY L. BECKETT,** : | **CIVIL NO. 1:CV-10-00050** |
| **Plaintiff** : | **(Judge Rambo)** |
| v. : | |
| **DEPARTMENT OF CORRECTIONS,** : *et al.*, : | |
| **Defendants** : | |

## M E M O R A N D U M

Plaintiff Harry L. Beckett ("Beckett"), an inmate currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed an action pursuant to 42 U.S.C. § 1983 on January 11, 2010, alleging that numerous Defendants[1] violated his constitutional rights in the context of treatment of his medical condition. (Doc. 1.) Beckett's complaint also includes discrimination and negligence

---

[1] There are two sets of Defendants in this action. The first set includes Prison Health Services, Inc. ("PHS"); Angela Auman, Physician's Assistant ("PA"); Dawn Mills, PA; and, Olga Beresgouskava, M.D., (collectively, "Medical Defendants"). The second set includes The Pennsylvania Department of Corrections ("DOC"); Mary L. Showalter, SCI-Huntingdon Health Care Administrator; Lynn Albright, Nurse; and William Randolph, Nurse, (collectively, "DOC Defendants"). Beckett initially failed to adequately identify Defendant Randolph for purposes of service. However, after the DOC Defendants filed a motion to dismiss, Beckett's complaint was served on Defendant Randolph. Defendant Randolph waived service of summons on July 16, 2010. (Doc. 48.) Consequently, he filed a separate motion to dismiss; however, it sets forth the same arguments as the DOC Defendants and he is represented by the same counsel. Thus, the court will consolidate the previously filed motion to dismiss with Defendant Randolph's motion to dismiss and consider them together.

claims. Numerous motions filed by both sides are presently before the court, including motions to dismiss as well as Beckett's motion for leave to amend the complaint. For the reasons that follow, Beckett's motion for leave to amend the complaint will be granted and the proposed amended complaint accepted for filing. Resultantly, the pending motions to dismiss will be deemed moot and the Defendants will be directed to answer or otherwise respond to the amended complaint.

I.  **Background**

   A.  **Facts**

In the complaint, Beckett asserts that prior to his incarceration, he was diagnosed with reflex sympathetic dystrophy and complex regional pain syndrome ("RSP/CRPS") on his upper left extremity. (Doc. 1 ¶ 7.) In 1992, he entered the Pennsylvania DOC, and has been incarcerated at SCI-Huntingdon since the fall of 1993. (*Id*. ¶¶ 6, 15.) Beginning on April 26, 1995, Beckett was cleared for "shower (Infirmary)" and "aerobics-sign up with activities department" in order to treat his condition. (*Id*. ¶ 17.) Further, from 1994 through 1998, he was treated by a Dr. William Mangino at SCI-Huntingdon. (*Id*. ¶ 18.) On July 10, 1996, Dr. Mangino

ordered that Beckett was to receive "hot 15 min. shower in the infirmary" to treat the RSP/CRPS. (*Id.* ¶ 19.)

Beckett avers that throughout his incarceration at SCI-Huntingdon, "unknown individuals" in the medical department cancelled his 15-minute hot medical showers, subjecting him to pain and suffering as well as deterioration of his chronic condition. (*Id.* ¶ 21.) He specifically asserts that Defendants Showalter and Beregouskaya "condoned, encouraged and/or tolerated, in acquiesced - - repeated - - and unreasonable cancellation of [Beckett's] treatment plan." (*Id.* ¶ 24.)

Further, Beckett claims that on November 4, 2006, he was involved in an incident with Defendants Albright and Randolph which caused a "fracture," resulting in a "pronounced lump on upper left-hip region." (*Id.* ¶ 27.) As a result of the incident, Beckett was placed in the Restricted Housing Unit ("RHU"), where he was denied any medical treatment, such as daily medical showers, double blanket, heated atmosphere, and an exercise program. (*Id.*) He further avers that while in the RHU until January 2007 for a misconduct unrelated to the November 4, 2006 incident, he was denied "any medical treatment and necessities (other than medications)" for over 60 days. (*Id.* ¶ 29.) To the contrary, Beckett also avers that he was "eventually" seen by a Dr. Salomon, who attempted to have Beckett moved to a heated cell or another

3

housing unit, to no avail. (*Id.* ¶¶ 30-32.) He does assert, however, that he received medical attention once he was returned to general population in January 2007. (*Id.* ¶ 34.) Thereafter, his medical treatment plan was reinstated and he currently continues to follow it. (*Id.* at 1, n.1.)

### B. **Procedural History**

On January 10, 2010, Beckett filed his complaint. (Doc. 1.) The Medical Defendants filed their motion to dismiss the complaint on March 2, 2010. (Doc. 12.) The DOC Defendants filed a motion to dismiss on April 2, 2010, (Doc. 23), followed by another motion to dismiss as to Defendant Randolph only on August 5, 2010, (Doc. 53). *See supra* note 1, at 1. Beckett filed a motion for leave to amend the complaint on June 10, 2010, and attached the proposed complaint as an exhibit. (Doc. 39.) All of these pending motions are ripe for disposition.

## II. **Discussion**

Section 1983 of Title 42 of the United States Constitution offers private citizens a means to redress violations of federal law committed by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of other federal laws. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kopec v. Tate*, 361 F.3d 722, 755-76 (3d Cir. 2004). To establish a claim under this section, the plaintiff must show the deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

In the instant case, Beckett alleges that all Defendants violated his First, Eighth and Fourteenth Amendment rights, committed discrimination in violation of 42 U.S.C. §§ 12131-12134, and committed negligence throughout his incarceration at SCI-Huntingdon when they failed to properly address and treat his medical condition. In their motions to dismiss, both sets of Defendants claim that Beckett's claims are barred by the applicable statute of limitations.[2]

---

[2] Medical Defendants raised several other defenses to Beckett's claims in their motion to dismiss the original complaint. However, as Medical Defendants have not asserted that the motion for leave to amend the complaint should be denied, the motion will be granted as uncontested pursuant to Middle District Local Rule 7.6 as to the Medical Defendants.

5

Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim as an affirmative defense that must be pled in an answer to the complaint. *See* Fed. R. Civ. P. 8(c). Additionally, Rule 12(b) requires that all defenses be asserted in an answer except those expressly enumerated in the rule. *See* Fed. R. Civ. P. 12(b). The Federal Rules do not require a plaintiff to proffer specific allegations regarding the timing of the alleged offense, and Rule 12(b) does not provide for the pre-answer assertion of a limitations defense. *See id.*; *Wilson v. McVey*, 579 F. Supp. 2d 685, 689 (M.D. Pa. 2008). Nevertheless, a district court may dismiss a complaint as time-barred if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1974)); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

Civil rights claims are governed by the state statute of limitations applicable to personal injury actions. *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). In Pennsylvania, the applicable limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524(7); *see also Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008). "[U]nder federal law, which governs the accrual of section 1983 claims, the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 2008) (quoting *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)).

Here, the complaint was filed on January 11, 2010. (Doc. 1.) Defendants contend that any claims that accrued more than two years prior to the filing thereof - January 11, 2008 - are barred by the statute of limitations. However, as argued by Beckett, Defendants do not take into account Beckett's efforts to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").

The PLRA requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The Act specifically provides as follows:

> No action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison,

7

> or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner must comply with the PLRA exhaustion requirement as to *any* claim that arises in the prison setting, regardless of the nature of the claim or of the relief sought. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Several district courts in this circuit have determined that the statute of limitations applicable to § 1983 is tolled while an inmate exhausts his or her administrative remedies under the PLRA. *See, e.g.*, *Ozoroski v. Maue*, Civ. A. No. 1:08-CV-0082, 2009 WL 414272 , at \*5-8 (M.D. Pa. Feb. 18, 2009) (denying defendants' motion to dismiss in part because the plaintiff's relevant administrative grievances remain potentially unexhausted and thus, the statute of limitations period is tolled); *Carter v. Pa. Dep't of Corr.*, Civ. A. No. 08-0279, 2008 WL 5250433, at \*11 (E.D. Pa. Dec. 17, 2008) ("[T]he statute of limitations begins to run only when [a] plaintiff has exhausted his administrative remedies under the PLRA."); *Cooper v. Beard*, Civ. A. No. 06-0171, 2006 WL 3208783, at \*8 (E.D. Pa.

Nov. 2, 2006) ("Because an inmate would be placed in a situation where his suit would either be barred from federal court for failure to exhaust administrative remedies under the PLRA, or time-barred because he had pursued those administrative remedies . . . the statute of limitations for an inmate's § 1983 claims are tolled while he exhausts his administrative remedies."); *see also Jackson v. Baddick*, No. Civ. A. 02-CV-6779, 2004 WL 1737635, at *11 (E.D. Pa. Aug. 2, 2004).

In response to Defendants' contention that Beckett's claims are barred by the applicable statute of limitations, Beckett contends that his claims are within the two-year limitations period because the period was tolled until January 16, 2008, the date on which he received a final response from the DOC's Central Office to his request for administrative remedies relating to his complaints about his medical care. (Doc. 50 at 4.) Given the January 10, 2010 filing date of his original complaint, and applying the reasoning regarding the tolling of the statute of limitations, *supra*, the court concludes that the statue of limitations defense raised by Defendants must be denied. Consequently, the court will grant Beckett's motion for leave to amend the complaint and accept for filing the amended complaint. The pending motions to dismiss shall be deemed moot and the court will direct the Defendants to answer or otherwise respond to the amended complaint.

An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                              United States District Judge

Dated: December 8, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY L. BECKETT,** | **CIVIL NO. 1:CV-10-00050** |
| **Plaintiff** | **(Judge Rambo)** |
| v. | |
| **DEPARTMENT OF CORRECTIONS,** *et al.*, | |
| **Defendants** | |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion for leave to amend the complaint (Doc. 39) is **GRANTED**. Plaintiff's amended complaint (Doc. 39, Attach. 1) is accepted for filing.

2) The motions to dismiss the original complaint (Docs. 12, 23, 53) are **DEEMED MOOT**.

3) Defendants are directed to answer or otherwise respond to the amended complaint on or before February 4, 2011.

                                       s/Sylvia H. Rambo
                                       United States District Judge

Dated: December 8, 2010.